*Miller v. Carroll*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-three.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JOSEPHINE MILLER,

> *Plaintiff-Appellant,*

> v.                                                                 No. 22-823

PATRICK CARROLL III, Honorable, Official and Individual Capacities,

> *Defendant-Appellee.*\*

_____

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:** JOSEPHINE MILLER, pro se, Danbury, CT.

**For Defendant-Appellee:** EMILY ADAMS GAIT (Timothy J. Holzman, Benjamin A. Abrams, *on the brief*), Assistant Attorneys General, *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Josephine Miller, an attorney proceeding pro se whose license to practice law was previously suspended in the State of Connecticut, appeals from the district court's judgment dismissing her third amended complaint (the "TAC") for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and denying as futile her motion for leave to amend. In the TAC, Miller asserted race-discrimination, retaliation, and due-process claims pursuant to 42 U.S.C. § 1983 against Judge Patrick Carroll III, the Chief Court Administrator for the State of Connecticut, based on his purported involvement in the delay between Miller's

application for reinstatement to the Connecticut Bar and the initial hearing before the Standing Committee for Recommendations for Admission (the "Standing Committee"). Miller subsequently sought leave to file a fourth amended complaint (the "FAC") that included additional allegations against Judge Carroll and proposed adding a second defendant – Judge David Sheridan, the Presiding/Administrative Judge for the Hartford Judicial District. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Miller argues that the TAC sufficiently stated a claim for relief and that the district court erred in denying as futile her request for leave to amend and file the FAC. We review de novo a district court's dismissal of a complaint for failure to state a claim, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences in Miller's favor. *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020). We likewise review de novo a district court's denial of leave to amend on the ground that amendment would be futile. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.

§ 1983. Liability under section 1983 must be direct. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (explaining that supervisors are responsible for their own acts but not for those of subordinates). A plaintiff must therefore plead, and ultimately prove, "that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

The TAC alleges very little in the way of conduct on the part of Judge Carroll. And, critically, it nowhere alleges that he was personally involved in processing Miller's application for reinstatement. To be sure, Miller does allege that the Statewide Grievance Committee (the "SGC") and the Connecticut Office of Chief Disciplinary Counsel (the "COCDC") failed to timely issue a report on her application and that the Standing Committee failed to timely provide her with a hearing. But she fails to allege that Judge Carroll was a member of these disciplinary bodies or that he was in any way responsible for the delays. In fact, the deadlines associated with processing applications for reinstatement were suspended on March 24, 2020 due to the COVID-19 pandemic.[1] And while Miller

---

[1] While Miller asserts in conclusory fashion that these deadlines were selectively suspended by Judge Carroll and Judge Sheridan, she has failed to support this allegation with any factual content. In actuality, these rules were suspended by the Superior Court Rules Committee acting

4

alleges that Judge Carroll was "copied on [an] email" notifying him "of the transfer of her application for reinstatement to the Middlesex Standing Committee from the Hartford Standing Committee," that allegation does not give rise to an inference that Judge Carroll engaged in any conduct at all, let alone that he was responsible for the purportedly unconstitutional delay alleged here. Dist. Ct. Doc. No. 27 at 36–37. We therefore agree with the district court that Miller has failed to plead that Judge Carroll's own conduct was the cause of the delay about which she now complains.

Miller's proposed amendments in the FAC do not alter this conclusion, and therefore the filing of an amended pleading would have been futile. Miller sought to add Judge Sheridan as a defendant but alleged no facts to suggest that he was personally involved in preventing her from being reinstated to the attorney rolls. Like Judge Carroll, Judge Sheridan is not alleged to have been a member of the SGC, COCDC, or any Standing Committee. Nor does Miller allege that Judge Sheridan was responsible for scheduling her reinstatement hearing or that he had any control over the processing of her application. Relying only on a

---

pursuant to its emergency authority under Connecticut Practice Book § 1-9B. *See* Fed. R. Evid. 201(b)(2) (explaining that we may take judicial notice of any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

second-hand statement from a court employee who relayed to Miller that Judge Sheridan said he would "have to get permission to use" the "remote/virtual courtroom" for a Standing Committee hearing, J. App'x at 72, Miller conclusorily asserts, based on "information and belief," that permission was not in fact required and that Judge Sheridan was able to schedule other attorney-reinstatement hearings without approval, *id.* at 73; *see Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) (noting that plaintiffs "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory"). But Judge Sheridan's reported statement that approval was needed to schedule a remote proceeding, without more, does not give rise to an inference that his own conduct was the cause of the delay.

Miller also argues that she should have been permitted to add allegations that both judges "established and maintained" unlawful policies pertaining to the attorney-discipline and reinstatement process. J. App'x at 66–67. But these assertions – which allege only that the policies are "racially discriminatory," "arbitrary and capricious," and violative of the Fourteenth Amendment's Due Process Clause, *id.* – are wholly conclusory and are thus entitled to no weight in assessing the plausibility of Miller's pleadings. *See Iqbal*, 556 U.S. at 678–79.

6

Given that Miller's allegations fail to connect either judge to the conduct underlying her race-discrimination, retaliation, due-process, and selective-enforcement claims, the district court did not err in granting the motion to dismiss and denying leave to amend.

We have considered Miller's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court